McNEESE *v.* RAINES.

Opinion delivered February 23, 1931.

*Richardson & Richardson,* for appellant.

*W. P. Smith* and *O. C. Blackford,* for appellee.

McHANEY, J. Appellant brought this suit against appellee and one John Gullett to recover damages for personal injuries sustained by him while he and said Gullett were in the employ of appellee. Appellee is a contractor, and was engaged in the erection of a brick building in Hoxie, Arkansas. Appellant alleged that appellee negligently failed to furnish the employees a container or means of getting the brick up on the scaffold for the masons to put in the wall, and that appellee directed him to stand on the scaffold, about 7 feet above the ground, and catch the brick as they were pitched to him by Gullett and stack same on the scaffold convenient to the masons; that the bricks were pitched up to him two at a time, and that, while placing two bricks on the scaffold with his face turned away from Gullett, Gullett pitched two more bricks before he was ready to receive them, which struck him in the groin, causing great pain, from which he fainted, fell off the scaffold and was severely injured. He later amended his complaint alleging negligence of the appellee in the employment of Gullett in that Gullett was incompetent "at and prior to the time plaintiff was injured," because he was nearsighted and could not know that he was not ready to catch the brick at the time he was injured, which was known to the appellee, or, by the exercise of ordinary care, could have been known to him, and which was unknown to appellant. He further alleged that Gullett had a bad disposition towards appellee and the other workmen which was also known, or by the exercise of ordinary care could have been known, by the appellee. It was further alleged that the manner of getting the brick upon the scaffold was dangerous, and that appellee was warned thereof by him, who agreed to furnish containers for carrying the brick up, of a kind similar to that used for carrying

up the concrete, and that he relied upon such promise, but the appellee failed to furnish same.

Appellee interposed a general demurrer to the complaint and the amendment which was sustained by the court. Appellant declined to plead further and the court entered a judgment dismissing his complaint. The case is here on appeal.

For a reversal of the case appellant relies upon two acts of negligence alleged in his complaint, one that appellee failed to furnish him a safe place to work, and safe tools and appliances with which to work; and second that said Gullett was incompetent to do the work allotted to him with safety to appellant.

It is conceded that Gullett was appellant's fellow-servant, and that appellee is not liable for the mere negligence of Gullett. *Walsh* v. *Eubanks, ante* p. 34, 34 S. W. (2d) 762, being the latest case on the subject. The allegation in the complaint that appellee failed to furnish him a safe place to work and safe tools and appliances with which to work does not state a cause of action because it is not alleged that he was injured by reason of the unsafety of the place in which he was working nor by reason of any defect in any tools or appliances with which he was working. He was working on a scaffold. It is not alleged that the scaffold was defective or that it fell or that he fell off the scaffold by reason of any defect therein. And he was not working with any tools or appliances. He was simply catching brick that were pitched to him by his fellow-servant, and any injury he received was caused by the negligence of such fellow-servant in pitching the brick at a time when he was not ready to receive them.

As to the allegation that Gullett was incompetent to do the work with safety to appellant because of defective eyesight or bad disposition, we think the complaint fails to state a cause of action for the reason that, if it be true, as alleged, that he was so afflicted and had been all the time appellant was working with him, the means of dis-

covering same was as open to appellant as to appellee. The allegation in the complaint is that Gullett was incompetent "at and prior to the time plaintiff was injured."

The complaint therefore failed to state a cause of action, and the trial court correctly sustained the demurrer.

Affirmed.